# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL CASTRO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-13133** |
| **W.S. "SANDY" MCCAIN** | **SECTION "G"(4)** |

## ORDER AND REASONS

Before the Court are Petitioner Daniel Castro's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 3.

[3] Rec. Doc. 11.

[4] Rec. Doc. 12.

# I. Background

*A.     Factual Background*

On November 21, 2013, Petitioner was charged by Indictment in Orleans Parish Criminal District Court with aggravated rape of his girlfriend's mentally handicapped adult daughter.[5] On September 23, 2015, following a three-day jury trial, Petitioner was found guilty of attempted aggravated rape.[6] On October 29, 2015, the trial court denied Petitioner's motion for new trial and post-verdict judgment of acquittal.[7] The trial court sentenced Petitioner to 50 years imprisonment without the benefit of parole, probation, or suspension of sentence.[8]

On August 25, 2016, Petitioner filed a direct appeal before the Louisiana Fourth Circuit Court of Appeal asserting that the evidence was insufficient to support the verdict.[9] On December 14, 2016, the Louisiana Fourth Circuit affirmed the conviction and sentence.[10] On January 14, 2017, Petitioner signed and submitted a writ application to the Louisiana Supreme Court.[11] The Louisiana Supreme Court denied Petitioner's writ application without stating reasons on September 29, 2017.[12]

On December 21, 2017, Petitioner filed the instant federal habeas petition, asserting that the evidence was not sufficient to support his conviction.[13] The State filed a response, arguing that

---

[5] State Rec., Vol. I of VI, Indictment, Nov. 21, 2013.

[6] State Rec., Vol. I of VI, Trial Minutes, Sept. 23, 2015.

[7] St. Rec. Vol. IV of VI, Sentencing Transcript, Oct. 29, 2015.

[8] *Id.*

[9] State Rec. Vol. IV of VI, Appeal Brief, 2016-KA-0284, Aug. 25, 2016.

[10] *State v. Castro*, 2016-KA-284 (La. App. 4 Cir. 12/14/16); 206 So. 3d 1059.

[11] State Rec., Vol. VI of VI, Writ Application, Jan. 14, 2017.

[12] *State v. Castro*, 2017-KO-235 (La. 9/29/17); 227 So. 3d 285.

[13] Rec. Doc. 3.

the claim was not properly exhausted and now is in technical procedural default.[14] Specifically, the State argued that Petitioner did not timely seek review before the Louisiana Supreme Court, and therefore did not give the Louisiana Supreme Court a fair opportunity to address the claim.[15] Alternatively, the State argued that the claim is meritless and that Petitioner is not entitled to habeas relief.[16]

### B. *Report and Recommendation Findings*

The Magistrate Judge recommends that this Court dismiss the petition with prejudice.[17] First, the Magistrate Judge addressed the State's argument that Petitioner did not timely seek review before the Louisiana Supreme Court.[18] The Magistrate Judge noted that the State offered no evidence to establish that Petitioner did not timely submit the writ application to prison officials for mailing to the Louisiana Supreme Court.[19] Furthermore, the Louisiana Supreme Court did not discuss the timeliness of the filing in its order denying relief.[20] Accordingly, the Magistrate Judge found that the State had not met its burden of proving that Petitioner failed to exhaust his state court remedies.[21] Therefore, the Magistrate Judge proceeded to address the merits of Petitioner's sufficiency of the evidence claim.[22]

---

[14] Rec. Doc. 9.

[15] *Id.* at 4–6.

[16] *Id.* at 7–14.

[17] Rec. Doc. 11.

[18] *Id.* at 5.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

Petitioner specifically argued that the evidence was insufficient to support his conviction for attempted aggravated rape because the DNA evidence did not include evidence of semen or the victim's blood on his penis, and the victim's mother's testimony was not credible.[23] Based on the evidence presented at trial, the Magistrate Judge determined that the jury heard ample evidence tending to prove that Petitioner intended or attempted to engage in vaginal, oral, or anal sex with the victim, a mentally impaired person, who was incapable of resisting his acts.[24] Therefore, the Magistrate Judge found that the state courts' denial of relief on Petitioner's sufficiency of the evidence claim was not contrary to or an unreasonable application of federal law.[25]

## II. Objections

### A. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[26] Specifically, Petitioner argues that the State failed to present evidence that would "exclude every reasonable hypothesis of innocence in this case."[27] According to Petitioner, DNA from three contributors, the victim, Petitioner, and an unidentified source, were found on the victim's left breast and groin area.[28] Petitioner argues that the DNA results do not prove penetration, attempted penetration, or specific intent as required to support the conviction.[29] Petitioner also argues that as he and the victim's mother were in a sexual relationship, his DNA found on the victim could have been

---

[23] *Id.* at 7.

[24] *Id.* at 11.

[25] *Id*. at 12.

[26] Rec. Doc. 12.

[27] *Id.* at 1.

[28] *Id.* at 1.

[29] *Id.* at 2.

4

transferred by the victim's mother.[30] Furthermore, Petitioner asserts that the State did not have the DNA samples tested to determine if the samples were saliva, and so the State could not rely on the DNA samples to show that Petitioner engaged in oral sex with the victim.[31] Therefore, Petitioner requests that habeas relief be granted and the case be remanded for a full evidentiary hearing.[32]

**B.** *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections.

### III. Standard of Review

**A.** *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[33] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[34] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[35]

**B.** *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

---

[30] *Id.* at 3.

[31] *Id.*

[32] *Id.*

[33] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[34] Fed. R. Civ. P. 72(b)(3).

[35] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

5

was revised "to ensure that state-court convictions are given effect to the extent possible under law."[36] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[37] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[38]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[39]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[40] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[41]

---

[36] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[37] 28 U.S.C. § 2254(d)(2).

[38] 28 U.S.C. § 2254(d)(1).

[39] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[40] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[41] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

## IV. Law and Analysis

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[42] He asserts that the evidence presented at trial does not "exclude every reasonable hypothesis of innocence in this case."[43] Accordingly, the Court reviews this issue *de novo*.[44]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[45] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[46]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[47] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[48]

Petitioner challenges the sufficiency of the evidence to support his attempted aggravated rape conviction. At the time of Petitioner's conviction, Louisiana Revised Statute § 14:42 defined

---

[42] Rec. Doc. 12.

[43] *Id.* at 1.

[44] Fed. R. Civ. P. 72(b)(3).

[45] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[46] *Id.* at 319 (emphasis in original) (quotation marks and citations omitted).

[47] *Id.*

[48] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

7

aggravated rape as a rape committed "where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because . . . the victim is prevented from resisting the act because the victim suffers from a physical or mental infirmity preventing such resistance."[49] The statute defined "mental infirmity" as "a person with an intelligence quotient of seventy or lower."[50] Under Louisiana law, "[a]ny person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended. . . ."[51]

In objection to the Report and Recommendation, Petitioner contends that the State did not exclude every reasonable hypothesis of innocence in his case. Under Louisiana law, "[t]he rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."[52] However, the Fifth Circuit has explained that on federal habeas corpus review, courts do not apply state law "reasonable hypothesis" standards.[53] Instead, "[o]nly *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof."[54] Furthermore, the Louisiana Supreme Court has explained that Louisiana's circumstantial evidence rule itself, "[t]his is not a purely separate test from the *Jackson* standard to be applied instead of a sufficiency of the evidence test. . . . Ultimately, all evidence, both direct and circumstantial, must be sufficient under *Jackson* to satisfy

---

[49] La. Rev. Stat. 14:42(a)(6) (2006).

[50] La. Rev. Stat. 14:42(c)(2) (2006).

[51] La. Rev. Stat. Ann. 14:27(A).

[52] La. Rev. Stat. Ann. § 15:438.

[53] *Gilley v. Collins*, 968 F.2d 465, 467 (5th Cir. 1992).

[54] *Id.* (quoting *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990)).

a rational juror that the defendant is guilty beyond a reasonable doubt."[55] Therefore, on federal habeas review, the standard for determining sufficiency of the evidence remains the standard set forth by the Supreme Court in *Jackson*.

In this case, the evidence proved that the victim had an IQ of less than 70, establishing that she had a mental infirmity that prevented her from resisting Petitioner.[56] The victim's mother testified that she found the victim naked with Petitioner in the mother's bed, and that Petitioner was also naked.[57] The mother also testified that before leaving the house, she left the victim in her room with the door locked, and the victim was not capable of unlocking the door or unfastening her clothes.[58] Petitioner was also found attempting to wipe the victim's vagina with a sheet.[59] The physical evidence established that Petitioner's penis had the victim's DNA on it, and the victim's outer vaginal area had Petitioner's DNA on it.[60] Petitioner was also found to be the major DNA contributor for samples taken from the victim's breasts and a "hickey" on her shoulder.[61]

Based on the foregoing, the Court finds that the jury was presented with ample evidence tending to prove that Petitioner intended or attempted to engage in vaginal, oral, or anal sex with the victim, a mentally impaired individual, who was incapable of resisting Petitioner's acts. Accordingly, the Court finds that the evidence was more than sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Furthermore, to the

---

[55] *State v. Porretto*, 468 So.2d 1142, 1146 (La. 1985).

[56] State Rec., Vol. IV of VI, Trial Transcript, pp. 225–26 (Dr. Salcedo), Sept. 22, 2015.

[57] State Rec., Vol. III of VI, Trial Transcript, pp. 80–82 (Mother's Testimony), Sept. 22, 2015.

[58] *Id.* at 74, 103, 106.

[59] *Id.* at 109.

[60] State Rec., Vol. III of VI, Trial Transcript, pp. 145, 147, 158–59 (Dr. Mehta), Sept. 22, 2015.

[61] *Id.* at 109.

extent Petitioner challenges the credibility of the victim's mother, the Supreme Court has recognized that "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[62] On habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[63] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational. Accordingly, on *de novo* review, the Court concludes that the state court's denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

### V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Daniel Castro's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __21st__ day of May, 2019.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**

---

[62] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[63] *Knox v. Butler*, 884 F.2d 849, 851–52 (5th Cir. 1989).